**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

MONICA S. RAMSEY                                CIVIL ACTION
AND ROGER DALE RAMSEY

VERSUS                                          NO. 23-632

INDEPENDENT SPECIALTY                           SECTION "B"(2)
INSURANCE COMPANY
AND SEDGWICK CLAIMS
MANAGEMENT SERVICES, INC.

<u>**ORDER & REASONS**</u>

Considering Plaintiffs Monica S. Ramsey and Roger Dale Ramsey's motion for reconsideration and/or to alter or amend the court's order granting defendant's motion to compel arbitration and to stay or, alternatively, dismiss the proceedings (Rec. Doc. 17) and Defendants Independent Specialty Insurance Company and Sedgwick Claims Management Services, Inc.'s response in opposition (Rec. Doc. 18),

**IT IS HEREBY ORDERED** that the motion to reconsider is **denied**.

On August 8, 2023, this Court granted Defendants' motion to compel arbitration in the above-captioned matter. *See* Rec. Doc. 16 at 1. Through the order, the matter is stayed pursuant to 9 U.S.C. § 3 and, for statistical purposes only, administratively closed without prejudice to the parties' rights to reopen the case after the conclusion of the arbitration proceedings. *Id.* Finally, parties were directed, no later than thirty (30) days after the conclusion of the arbitration proceedings, to file either a motion

1

to reopen this case and a motion to opt out of the streamlined settlement program, or a joint motion to voluntary dismiss all claims against defendants. *Id.*

In granting Defendants' motion to compel arbitration, the Court reasoned that the surplus lines insurance coverage agreed to by the parties is not subject to Louisiana's "reverse-preemption" bar of arbitration in insurance contracts. *Id.* at 6. Specifically, La. Rev. Stat. § 22:868(D) governs surplus lines insurance contracts because they are a policy form "not subject to approval by the Department of Insurance." *Id.* at 10 (quoting La. Rev. Stat. § 22:868(D)). Unlike the broader provision in Section 22:868(A), which bars insurance agreements from "[d]epriving the courts of this state of the jurisdiction or venue," Section 22:868(D) permits parties to agree to a "forum or venue selection clause." *Id.* at 9-10 (quoting La. Rev. Stat. § 22:868(A), (D)). Finding the weight of recent Louisiana Supreme Court decisions to treat arbitration as depriving venue but not jurisdiction, this Court determined that it "must treat the arbitration clause as a venue or forum selection clause." *Id.* at 11. As Section 22:868(D) permits a forum selection clause, this Court concluded that the arbitration clause in the parties' agreement is "enforceable against plaintiffs as a valid agreement to arbitrate between the parties." *Id.* at 13.

The instant motion fails to cite additional legal authority for requested relief. *See generally* Rec. Doc. 17-1. Instead, Plaintiffs predominantly restate arguments made in opposition to Defendants' motion to compel. *See generally* Rec. Doc. 11; *see also* Rec. Doc. 17-1 at 1 ("The Court failed to consider, or misinterpreted, the applicable law cited by Plaintiffs in their Opposition to Defendant's [sic] Motion to Compel Arbitration and to Stay.").

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 n.l (5th Cir. 2004). However, motions filed after judgment requesting that the court reconsider a prior ruling is evaluated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). Reconsideration through "[a] Rule 59(e) motion 'calls into question the correctness of a judgment,'" and as such "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *See id.* at 478-79 (citations and some internal quotations omitted). Here, the record is devoid of manifest errors of law or new and convincing factual evidence

warranting reconsideration. Plaintiff's Rule 59(e) argument would thusly fail.

Plaintiffs' few additional arguments only touch the outer edges of this Court's arbitration determination. For instance, Plaintiffs contend that in *Morgan v. Sundance, Inc.* "the Supreme Court clipped the wings of the oft[-]quoted 'strong federal policy favoring arbitration' created by the FAA . . . ." Rec. Doc. 17-1 at 4 (citing *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712-13 (2022)). In *Morgan*, the Court considered a specialized rule for arbitration waiver applied by the Eighth Circuit Court of Appeals. *Morgan*, 142 S. Ct. at 1713. The Court rejected such a procedural creation, holding that "the FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules." *Id.* Instead, "[t]he federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id.* The Court's resolution in *Morgan* is in concert with ours in this case. Here, a valid arbitration agreement exists between the parties and the nature of the dispute falls within the agreement. *See* Rec. Doc. 13-14. The contract, therefore, applies.

Plaintiffs also seek to support an introductory statement in their opposition: "The public policy of such an expensive and inconvenient result would be ludicrous." Rec. Doc. 17-1 at 6; Rec. Doc. 11 at 2. Although providing argumentation, Plaintiffs' more

extensive treatment in its instant motion is likewise devoid of legal authority. *See* Rec. Doc. 17-1 at 6-7. Plaintiffs specifically contend that having proceedings at a 500-mile distance from the location of the damage "is unfair and unjust, both from an economic and social standpoint." *Id.* at 6. In their opposition to the motion for reconsideration, Defendants counter that such an argument would destroy parties' freedom to contract. *See* Rec. Doc. 18 at 6-7. Indeed, in the Louisiana legislature's discussions on the addition of La. Rev. Stat. § 22:868(D) to the statute, freedom of contract was central to the choice-of-venue exception. *See Prohibits insurance contracts from depriving courts of this state or venue of action against insurer: Hearing on S.B. 156 before the H. Comm. on Ins.,* 2020 Leg., Reg. Sess. at 18:16 to 20:04 (La. 2020) (statement of Sen. Luneau), https://house.louisiana.gov/ H_Video/VideoArchivePlayer?v=house/2020/may/0527_20_IN. As the Louisiana Supreme Court reasoned in *Creekstone Juban I, LLC v. XL Insurance America, Inc.*, prohibiting a forum selection clause here "would undermine the ability of the parties to freely engage in sophisticated contractual agreements and thereby impair the ability of companies to do business in this state." *Creekstone Juban I, LLC v. XL Ins. Am., Inc.*, 2018-0748 (La. 5/8/19), 282 So. 3d 1042, 1050 (citing *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of La.*, 2013-1977 (La. 7/1/14), 148 So. 3d 871 and

permitting the selection of New York as a forum in an insurance contract).

Finally, Plaintiffs argue that if arbitration applies it only does so over "the hurricane[-]damage aspects of this case" and not over "the mandatory statutory penalty and attorneys fee aspects of the case for the obvious late payments, along with the discretionary general and special damages contemplated as possible damages on an insurance bad faith case." Rec. Doc. 17-1 at 7. Defendants, instead, read the parties' contract to include arbitration for "all matters in dispute," including any statutory penalties and fees. Rec. Doc. 18 at 8. To support its contention, Defendants cite two recent decisions from different sections of the Eastern District of Louisiana. *Id.* (citing *STMB Properties, LLC v. Certain Underwriters at Lloyd's London*, No. CV 22-2229, 2022 WL 3924313 (E.D. La. Aug. 31, 2022) (Affrick, J.); *AJ's Shoes Outlet, LLC v. Indep. Specialty Ins. Co.*, No. CV 22-1148, 2023 WL 358779 (E.D. La. Jan. 23, 2023) (Milazzo, J.). In both, the arbitration clause in question covered "all" party disputes, a broadness that permitted the arbitrator to consider if statutory penalties and fees were arbitrable. *STMB Properties, LLC*, 2022 WL 3924313, at *2-3; *AJ's Shoes Outlet, LLC*, 2023 WL 358779, at *8. We agree with the conclusion of our fellow Eastern District sections. The Court retains its authority to address any issues post-arbitration, including the proper application of Louisiana

substantive law. *See* 9 U.S.C. § 10 ("In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to reconsider is **denied.**

New Orleans, Louisiana this 19th day of October, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE