**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MONICA S. RAMSEY AND ROGER DALE RAMSEY | CIVIL ACTION |
| VERSUS | NO. 23-632 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. | SECTION "B"(2) |

## ORDER & REASONS

Before the Court are plaintiffs Monica S. Ramsey and Roger Dale Ramsey's motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Rec. Doc. 22) and defendants Independent Specialty Insurance Company and Sedgwick Claims Management Services, Inc.'s opposition (Rec. Doc. 23). For the following reasons,

**IT IS HEREBY ORDERED** that plaintiffs' motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Detailed extensively in our previous orders, this insurance coverage dispute pits insured plaintiffs Monica S. Ramsey and Roger Dale Ramsey (the "Ramseys") against their insurer, Independent Specialty Insurance Company ("ISIC"), and its third-party claims management administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick"). *See* Rec. Docs. 16; 19. The Ramseys contend that, following Hurricane Ida's landfall on August 29, 2021, ISIC and Sedgwick (collectively "defendants") "grossly underreported" plaintiffs' property damage and failed to make any claim payment for eight months. *See* Rec. Doc. 1 at 3–4. Accordingly, the Ramseys sued defendants for "payment of all covered damage amounts under the terms of the policy and statutory penalties, damages, and attorneys' fees pursuant to La. Rev. Stat. 22:1973 and

1

La. Rev. Stat. 22:1892, *et seq.*" Rec. Doc. 1 at 8. Defendants responded with a motion to compel

arbitration and stay or, alternatively, dismiss the proceedings. *See* Rec. Doc. 9. In sum, defendants

argued that parties had agreed to arbitrate disputes and that, unlike in other insurance contracts,

such an agreement was not reverse-preempted by Louisiana statute when contained in a surplus

line policy. *See id.* at 5–7. In a carefully weighed decision, the Court agreed. *See* Rec. Doc. 16.

The Ramseys' policy in effect at the time of Hurricane Ida was "a surplus lines coverage

under the Insurance Code of the State of Louisiana." Rec. Doc. 9-2 at 12. Surplus line coverage is

not subject to approval by the Department of Insurance. *See* Rec. Doc. 16 at 13. As such, the policy

may not strip state courts of jurisdiction, but pursuant to Louisiana Revised Statutes § 22:868(D),

may contain "a forum or venue selection clause." *See id.* at 9–10. The Court concluded that, based

on Louisiana and federal precedent, arbitration clauses are a subset of forum selection clauses and,

thus, not prohibited in surplus line insurance agreements. *See id.* at 13.

Although granting defendants' motion to compel arbitration, the Court acknowledged the

absence of Louisiana State Supreme Court rulings on the topic: "The question of whether La. Rev.

Stat. § 22:868 applies to surplus line insurers has not been ruled on by the Louisiana Supreme

Court, therefore this Court 'must make an Erie guess and determine as best it can what the

Louisiana Supreme Court would decide.'" *Id.* at 8 (quoting *Howe ex rel. Howe v. Scottsdale Ins.

Co.*, 204 F.3d 624, 627 (5th Cir. 2000)). The Ramseys moved for reconsideration of the order,

which the Court denied with similar reasons. *See* Rec. Docs. 17; 19 at 3 ("The instant motion fails

to cite additional legal authority for requested relief. Instead, Plaintiffs predominantly restate

arguments made in opposition to Defendants' motion to compel."). The Ramseys now move for

certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Rec. Doc. 22.

## II.   LAW AND ANALYSIS

### A.  28 U.S.C. § 1292(b) Standard

Interlocutory appeals pursuant to 28 U.S.C. § 1292(b) are appropriate only in exceptional cases. *Fairfield Royalty Co. v. Island Operating Co., Inc.*, 2011 WL 6140665, at \*2 (E.D. La. Dec. 9, 2011) (citing *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985)). Thus, the court's exercise of discretion is not based simply on "the correctness of a judgment." *Clark-Dietz & Assocs.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) (citation omitted) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals."). Rather, certification of an interlocutory appeal from an order is appropriate when the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Nguyen v. Am. Com. Lines L.L.C.*, 805 F.3d 134, 137–38 (5th Cir. 2015). "A district court cannot certify an order for interlocutory appeal unless all three criteria are present." *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 839 (E.D. La. 2014) (citing *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981)). Additionally, in deciding to certify an order for interlocutory appeal, the court should articulate why the order satisfies each of these criteria. *See Linton v. Shell Oil Co.*, 563 F.3d 556, 558 (5th Cir. 2009) ("Though it will often be evident why the question presented by the certified order is 'controlling,' elaboration by the district judge will normally be helpful in understanding why the judge believes that there is a 'substantial ground for difference of opinion' and that 'immediate appeal from the order may materially advance the ultimate termination of the litigation.'").

### B.  Interlocutory Appeal

1.  **Controlling Question of Law**

An interlocutory appeal presents a limited review of a non-final order. *See Louisiana Patients' Comp. Fund Oversight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir. 2005). One such limitation is its consideration of a pure legal question. *See Malbrough v. Crown Equip. Corp.*, 392 F.3d 135, 136 (5th Cir. 2004) (refusing to assess an asserted genuine issue of material fact because such "is not a question of law within the meaning of § 1292(b)"); *Williams v. Taylor*, No. 15-321, 2015 WL 4755162, at *2 (E.D. La. Aug. 11, 2015) (citation omitted) (describing a controlling question of law as one the "court of appeals could decide quickly and cleanly without having to study the record"). A controlling question of law, therefore, is a matter of differing statutory interpretations that would impact the course of the litigation. *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722–23 (N.D. Tex. 2006) (citing 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3929 at 426 (2d ed.1996) ("[A] *controlling* question of law—although not consistently defined—at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation—thereby saving time and expense for the court and the litigants.")).

Here, plaintiffs' motion for certification of an interlocutory appeal presents a controlling question of law. Louisiana Revised Statutes § 22:868(D) permits insurance coverage "that is not subject to approval by the Department of Insurance" to contain "a forum or venue selection clause." La. Rev. Stat. § 22:868(D). In the light of state and federal precedent, the Court determined that an arbitration clause is a subset of a forum selection clause, and thus, the arbitration clause in this insurance-related proceeding was valid and enforceable. *See* Rec. Doc. 16 at 13. This legal interpretation clearly impacts the litigation by compelling arbitration, whereas parties would

continue moving their case through federal pre-trial stages otherwise. The Ramseys seek review of this controlling question of law.

##    2.   Substantial Ground for Difference of Opinion

The threshold for establishing the second factor for certifying an order for interlocutory appeal "is a high one." *S. U.S. Trade Ass'n v. Unidentified Parties*, No. 10-1669, 2011 WL 2790182, at *2 (E.D. La. July 14, 2011) (citation omitted). Disagreement with a court's order is not enough to establish that there is substantial ground for a difference of opinion. *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813–14 (E.D. La. 2009). Instead, the second element is met where "there is a genuine doubt as to the correct legal standard to be applied." *S. U.S. Trade Ass'n*, 2011 WL 2790182, at *2 (citation omitted); *see also In re Babcock & Wilcox*, No. 03-1065, 2004 WL 626288, at *2 (E.D. La. Mar. 29, 2004) ("Difference of opinion refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party."). Doubt as to the correct legal standard is most often present with "a new legal question," but also where the litigation "is of special consequence," as where the interpretation is particularly injurious to a party or similarly positioned courts are also weighing the issue. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009). As such, a substantial ground for difference of opinion is not merely that "settled law might be applied differently," but that there has been a substantial difference in application. *S. U.S. Trade Ass'n*, 2011 WL 2790182, at *3 (citation omitted).

Defendants argue that the law on the validity of arbitration clauses in surplus lines coverage is settled. *See* Rec. Doc. 23 at 4 ("[T]he Louisiana Supreme Court has held that arbitration provisions are a type of forum or venue selection clause."). To support this contention, defendants cite a series of similar cases from sections of the district court for the Eastern District of Louisiana

decided after the Court's order compelling arbitration. *See id.* (first citing *Bourgeois v. Indep. Specialty Ins. Co.*, No. 22-1256, 2023 WL 6644171, *3 (E.D. La. Oct. 12, 2023) (Lemmon, J.); then citing *Queens Beauty Supply, LLC v. Indep. Specialty Ins. Co.*, No. 22-3444, 2023 WL 7154117, *3 (E.D. La. Oct. 31, 2023) (Guidry, J.); then citing *Beachcomer Properties, LLC v. Indep. Specialty Ins. Co.*, No. 23-1287, 2023 WL 7280516 (E.D. La. Nov. 3, 2023) (Ashe, J.)).

However, in *Queens Beauty Supply, LLC*, Judge Guidry acknowledged the less-than-settled state of the law: "The Louisiana Supreme Court has not ruled specifically on whether La. R.S. 22:868(A) prohibits arbitration clauses in surplus lines insurance policies, and there is a split in how Federal district courts sitting in Louisiana have decided this issue." *Queens Beauty Supply, LLC*, 2023 WL 7154117, at *2; *see also Beachcorner Properties, LLC*, 2023 WL 7280516, at *5 (Ashe, J.) ("Federal district courts in Louisiana are split on this issue."). The cited cases make the same Erie guess as did the undersigned in this case.

Notably, opposite conclusions were made in other federal district court opinions. *See Fairway Vill. Condominiums v. Indep. Specialty Ins. Co.*, No. 22-2022, 2023 WL 2866944, at *5 (E.D. La. Apr. 10, 2023) (Brown, C.J.) (citation omitted) ("[T]he plain language of § 22:868(D) is limited to forum and venue selection clauses, and to read arbitration clauses into the text of Subsection D would be to confer a different meaning than intended by the legislators."); *Next Level Hosp. LLC v. Indep. Specialty Ins. Co.*, No. 2:21-4240, 2023 WL 2771583, at *6 (W.D. La. Mar. 31, 2023) ("Based on the text of § 22:868, the Court cannot arrive at an interpretation that conflates arbitration clauses with forum and venue clauses; the former is jurisdictional whereas the latter are not."); *Mahant Hospitality LLC v. Indep. Specialty Ins. Co.*, No. 6:21-4322, 2023 WL 7476380, at *4 (W.D. La. Oct. 11, 2023) ("The subject of Subsection D's clause, '[t]he provisions of Subsection A,' includes (A)(2)'s anti-arbitration provision."). In an earlier opinion in *Mahant*

6

*Hospitality LLC*, the Western District of Louisiana court noted it had considered rulings that found arbitration clauses valid with surplus line insurers but concluded differently. *Mahant Hosp. LLC v. Indep. Specialty Ins. Co. Inc.*, No. 6:21-4322, 2023 WL 6120261, at *1 (W.D. La. Sept. 18, 2023) (submitting that it "respectfully disagrees with Judge Lemelle's recent decision.").

In sum, it is debatable whether the noted disagreements on correctness of the Erie guesses satisfy the high hurdle to become a substantial ground on the correct legal standard to apply. See e.g. *S. U.S. Trade Ass'n*, 2011 WL 2790182, at *2 (citation omitted). Therefore, we proceed to the second element for an interlocutory appeal.

### 3.   Materially Advancing the Ultimate Termination of the Litigation

While finding the first element has been established and even assuming arguendo satisfaction with the second element, an exceptional interlocutory appeal must also materially advance the ultimate termination of the litigation. The final element "does not require the appeal to *certainly* advance the termination of the litigation. It only requires such appeal *may* advance the ultimate termination of the litigation if permitted." *Napoleon v. Shows, Cali & Walsh, LLP*, No. 20-1775, 2022 WL 721560, at *6 (E.D. La. Mar. 10, 2022) (quotation omitted). Material advancement exists when the appeal "would eliminate the need for trial, simplify the issues for trial, or reduce the burden of discovery." *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 836, 839 (E.D. La. 2014). The Fifth Circuit has found avoidance of a final-judgment appeal sufficient for the third § 1292(b) element. *See Cazorla v. Koch Foods of Miss.*, 838 F.3d 540, 548 (5th Cir. 2016). Courts should keep paramount how certification would speed up the litigation. *See id.* ("[W]e may be able to hasten the end of this already long-running litigation."). As such, courts must realistically assess both the possible quickening and lengthening impacts on the litigation through an interlocutory appeal. *See Clark-Dietz & Assocs.-Engineers, Inc.*, 702 F.2d at 68 (5th Cir. 1983) ("[W]hile an

immediate appeal may save the district court time because reversal might preclude a hearing on damages and affirmance might induce settlement, an immediate appeal may delay judgment and thus penalize the appellees.").

The Ramseys provide little argumentation on how the certification of the appeal would provide for the material advancement toward the ultimate termination of the litigation. They simply note that "if the Order were to be reversed, the parties would be allowed to proceed in litigation or even in the Streamlined Settlement Protocol, the Court's fast track program for resolving claims." Rec. Doc. at 3–4. In contrast, defendants contend that the appeal would "prolong the litigation of this dispute, and would likely take longer than the entire arbitration process itself." Rec. Doc. 23 at 6. To support this argument, defendants insist that an interlocutory appeal faces an even higher hurdle because of the Court's arbitration order. *See id.* Although an interlocutory appeal of an order to compel arbitration could quicken litigation "by eliminating the time required to obtain what may be an unenforceable arbitration award," defendants argue that the intent behind the Federal Arbitration Act was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id.* (quoting *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988)).

Authority from the Third Circuit Court of Appeals is persuasive, though with slightly distinguishable facts. In *Commonwealth Insurance Company*, the Third Circuit considered, *inter alia*, a district court's order staying litigation pending the resolution of arbitration between the plaintiff and one defendant. *See Commonwealth Ins. Co.*, 846 F.2d at 197. While quickly concluding that, absent district court certification, it had no authority to weigh a § 1292(b) appeal, the Third Circuit stressed the inaptness of interlocutory appeals for orders to compel arbitration: "The statutory policy is that of rapid and unobstructed enforcement of arbitration agreements.

8

Routine interlocutory appellate consideration of stays pending arbitration would frustrate both that policy and the long-standing federal policy against piecemeal review." *Id.* at 199 (citation omitted).

The Ramseys have failed to show how the exceptional grant of an interlocutory appeal will materially advance the ultimate termination of the litigation. Rather than simplifying issues and procedure, an appeal would do just the opposite, and thereby, counteract the purpose of arbitration. Further, an interlocutory appeal would not resolve parties' contentions. The certification of this exceptional appeal would not materially advance the ultimate termination of the litigation.

## III.   CONCLUSION

"Permitting piecemeal, prejudgment appeals . . . undermines efficient judicial administration," and therefore, is disfavored. *Mohawk Indus., Inc.*, 558 U.S. at 106. As all § 1292(b) criteria are not present, certification of an interlocutory appeal is not proper.

Accordingly,

**IT IS HEREBY ORDERED** the motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

New Orleans, Louisiana, this 7th day of December, 2023

_____

SENIOR UNITED STATES DISTRICT JUDGE