UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONICA S. RAMSEY ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-0632** |
| **INDEPENDENT SPECIALTY INSURANCE COMPANY ET AL** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the Court is plaintiffs Monica Ramsey and Roger Ramsey's motion to reopen case and lift stay (Rec. Doc. 31) and defendant's filing stating they are unopposed to plaintiffs' motion (Rec. Doc. 32). Accordingly, this motion is deemed unopposed, and further appears to the Court to have merit,

**IT IS ORDERED** that plaintiffs' motion to reopen case and lift stay (Rec. Doc. 14) be **GRANTED.**

**IT IS FURTHER ORDERED** that the instant case be subject to the Eastern District of Louisiana's Hurricane Ida Case Management Program, which sets forth procedures for expedited discovery and includes a streamlined settlement and mediation protocol, subject to further court orders.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Detailed extensively in our previous orders, this insurance coverage dispute pits insured plaintiffs Monica S. Ramsey and Roger Dale Ramsey (the "Ramseys") against their domestic insurer, Independent Specialty Insurance Company ("ISIC"), and its third-party claims management administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick"). *See* Rec. Docs. 16; 19. The Ramseys contend that, following Hurricane Ida's landfall on August 29, 2021, ISIC and Sedgwick (collectively "defendants") "grossly underreported" plaintiffs' property damage and failed to make any claim payment for eight months. *See* Rec. Doc. 1 at 3–4.

1

Accordingly, the Ramseys sued defendants for "payment of all covered damage amounts under the terms of the policy and statutory penalties, damages, and attorneys' fees pursuant to [Louisiana Revised Statutes] §§ 22:1973 and 22:1892, *et seq.*" Rec. Doc. 1 at 8. Defendants responded with a motion to compel arbitration and stay or, alternatively, dismiss the proceedings. *See* Rec. Doc. 9. In sum, defendants argued that parties had agreed to arbitrate disputes and that, unlike in other insurance contracts, such an agreement was not reverse-preempted by Louisiana statute when contained in a surplus line policy. *See id.* at 5–7. The Court agreed. *See* Rec. Doc. 16.

The Ramseys' policy in effect at the time of Hurricane Ida was "a surplus lines coverage under the Insurance Code of the State of Louisiana." Rec. Doc. 9-2 at 12. Surplus line coverage is not subject to approval by the Department of Insurance. *See* Rec. Doc. 16 at 13. Previously, this Court concluded that, based on Louisiana and federal precedent, arbitration clauses are a subset of forum selection clauses and, thus, not prohibited in surplus line insurance agreements. *See id.* at 13. Following the ruling, the Ramseys moved for reconsideration of the order, which the Court denied for similar reasons. *See* Rec. Docs. 17; 19 at 3. The Ramseys then moved for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) which the Court denied. Rec. Docs. 22, 24. In tandem with this Court's ruling, the plaintiffs Noticed an Appeal to the Fifth Circuit which was later dismissed for want of jurisdiction. Rec. Docs. 20, 25.

Upon granting the defendant's motion to compel arbitration, the Court acknowledged the absence of Louisiana State Supreme Court rulings on the topic. Subsequently, the Supreme Court of Louisiana issued guidance on how to interpret arbitration clauses in contracts involving domestic parties. *Police Jury of Calcasieu Par. v. Indian Harbor Insurance Co.*, 2024-449 (La. 10/25/24), 395 So. 3d 717, 729, *reh'g denied*, 2024 WL 5086340 (La. 12/12/24). Plaintiffs' instant motion requests that this Court reopen the case and lift the stay as to proceedings in this Court against

defendants considering the Louisiana Supreme Court's recent decision in *Police Jury*. *See* Rec. Doc. 31.

**LAW AND ANALYSIS**

Timely with the submission deadline, the defendants responded stating they did not oppose plaintiffs' motion. Therefore, the instant motion is deemed unopposed, and subject to being granted if it has merit.

    A. **Motion for Reconsideration Standard**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.l (5th Cir. 2004). Nevertheless, a party may submit a motion seeking reconsideration under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. Fed. R. Civ. Proc. 54(b); *Zahid Hotel Grp., LLC v. AmGUARD Ins. Co.*, No. 22-2792, 2023 WL 8773474, at *2 (E.D. La. Dec. 19, 2023). Unlike Rules 59(e) and 60(b), Rule 54(b) does not deal with final judgments but with revisions of interlocutory orders, providing a more flexible standard for district court review. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted) ("Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."). "Although a less exacting standard applies [to Rule 54(b) motions], courts look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Recs., Inc.*, No. 19-12130, 2020 WL 3832606, at *11 (E.D. La. July 8, 2020). Considerations include "(1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *AIG Specialty Ins. Co. v. Agee*, No.

22-5410, WL 8283602, at *2 (E.D. La. Nov. 30, 2023) (quoting *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at *2 (E.D. La. June 28, 2016)).

No matter the standard, a motion for reconsideration should be denied when the movant merely rehashes legal theories and arguments that were raised before the entry of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004); *Brewer v. BP Expl. & Prod., Inc.*, No. 17-3079, 2023 WL 2969046, at *2 (E.D. La. Apr. 17, 2023), *appeal dismissed*, No. 23-30331, 2023 WL 7646700 (5th Cir. Aug. 7, 2023) (quotation omitted) ("Like Rule 59(e) motions, Rule 54(b) motions are not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."); *see also McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) ("Whereas Rule 59(e) applies only to final judgments and does not permit consideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits the district court to reconsider and reverse its decision for any reason it deems sufficient."). In its discretionary consideration of motions for reconsideration, the district court should promote "the just, speedy, and inexpensive determination of every action and proceeding." *Austin*, 864 F.3d at 337 (quoting Fed. R. Civ. Proc. 1).

Where the court's order would not end the action, the motion for reconsideration arises under the more flexible Rule 54(b). *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). Here, the Court's Order and Reasons granting defendants' motion to compel arbitration (Rec. Doc. 9) is an interlocutory order, leading to an application of Rule 54(b) to plaintiffs' current motion (Rec. Doc. 80). Plaintiff is now requesting that this Court reconsider its order compelling arbitration considering the Louisiana Supreme Court's decision in *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*, which, the plaintiffs contend, states that a domestic insurer may

not resort to equitable estoppel to enforce arbitration and that such clauses are void under Louisiana Revised Statutes § 22:868. *See* Rec. Doc. 31-1.

## B. In Light of *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*, the instant arbitration clause is no longer enforceable

Louisiana Supreme Court in *Police* Jury held that Louisiana Revised Statute §22:868 invalidates arbitration contracts in insurance contracts of the domestic insurers. *Police Jury of Calcasieu Par.*, 2024-00449, 395 So. 3d 717 (La. 12/12/24). "Louisiana Revised Statute §22:868(D) did not give parties to a surplus line insurance policy the ability to contract for binging arbitration: 'La. R.S. 22:868(D) neither expressly nor implicitly repealed Subsection A's prohibition of arbitration clauses in all insurance contracts issued in Louisiana, as the enforcement of such clauses deprives Louisiana courts of jurisdiction.'" *Certain Underwriters at Lloyd's London et al. v. Belmont Commons LLC*, No. 22-3874, 2025 U.S. Dist. LEXIS 9108, at *6-*8 (E.D. La. Jan. 17, 2025) (citing *Police Jury of Calcasieu Par.*, 2024-00449, 395 So. 3d 717, 725 (La. 12/12/24)). "Accordingly, as all attempts to contract for binding arbitration in insurance contracts is against public policy, arbitration clauses in surplus lines policies are void and unenforceable." *See 3501 N. Causeway Assocs., LLC v. Certain Underwriters at Lloyd's, London*, No. 22-3787, 2025 U.S. Dist. LEXIS 19305, at *8 (E.D. La. Feb. 4, 2025) (citing *Police Jury of Calcasieu Par.*, 2024-00449, 395 So. 3d 721 (La. 12/12/24)).

Louisiana law provides that in the case of a voided condition, the insurance contract is still enforceable, but the suspect clause is excised. *See* LA. STAT. ANN §22:868(C) ("Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.").

### C. Equitable estoppel on the Recognition and Enforcement of Foreign Arbitral Awards cannot, under the Louisiana state law, be used to subject domestic insurers to the Convention

The Louisiana Supreme Court's decision in *Police Jury* found that *Bufkin Enterprises*, a Fifth Circuit ruling, incorrectly held that equitable estoppel applied to allow domestic insurers to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("**Convention**") even when the insured dismissed the foreign insurers with prejudice. *Police Jury of Calcasieu Par.*, 2024-00449, 395 So. 3d 721 (La. 12/12/24) (Citing *Bufkin Enterprises, L.L.C. v. Indian Harbor Ins. Et al.*, 96 F. 4th 726 (5th Cir. 2024)). In concurrence with other sections of this Court, this Court finds that domestic insurers can no longer be subject to the Convention through equitable estoppel. *See Certain underwriters at Lloyd's London et al.*, No. 22-3874, 2025 U.S. Dist. LEXIS 9108 (E.D. La. Jan. 17, 2025).

As Judge Fallon, in another section of this Court, ordered in *Certain Underwriters at Lloyd's London v. Belmot Commons, LLC*, that the lifting of a stay and vacatur of his previous arbitration order was required based on similar arguments and facts as found in this matter, so to must this Court. *Id.* As such, this Court agrees with and adopts the legal analysis seen in Judge Fallon's Order, determining that the doctrine of equitable estoppel is a matter of state law. *Id.* at *6-*8; *see, e.g.*, *Crescent City Surgical Operating Co. v. Certain Underwriters at Lloyd's London et al.*, No. 22-2625, 2025 U.S. Dist. LEXIS 9083 (E.D. La. Jan. 17, 2025). Therefore, this Court finds that equitable estoppel is governed by state law, which dictates that the Louisiana Supreme Court, not the Fifth Circuit, controls on the issue of equitable estoppel.

In *Police Jury of Calcasieu Parish*, the Louisiana Supreme Court explicitly rejected the use of equitable estoppel to compel arbitration against domestic insurers under the Convention.

*Police Jury of Calcasieu Par.*, 395 So. 3d at 729. Being that the defendant filed no opposition to the adoption of this legal analysis, and because the analysis has merit, the Court vacates its prior decision compelling arbitration against the domestic insurer because *Police Jury of Calcasieu Parish* constitutes an "intervening change in the controlling law." Fed. R. Civ. Proc. 54(b); *AIG Specialty Ins. Co. v. Agee*, No. 22-5410, WL 8283602, at *2 (E.D. La. Nov. 30, 2023) (quoting *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at *2 (E.D. La. June 28, 2016)).

    New Orleans, Louisiana, this 26th day of February, 2025

                                                        SENIOR UNITED STATES DISTRICT JUDGE