UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONICA S. RAMSEY, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-632 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL. | * | SECTION "B" DIV. (2) |

**ORDER AND REASONS**

Before me is Defendant Independent Specialty Insurance Company's Motion for Leave to File First Amended Answer and Affirmative Defenses. ECF No. 63. As of this date, no party has filed an Opposition Memorandum, and the deadline for same expired on Tuesday, October 7, 2025. *See* E.D. La. L.R. 7.5. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees oral argument is unnecessary.

Having considered the record, the submission, and the applicable law, Defendant's motion (ECF No. 63) is GRANTED for the reasons stated herein.

**I.      BACKGROUND**

Plaintiffs Monica S. Ramsey and Roger Dale Ramsey filed suit against their insurer and its claims processor seeking to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees alleging failure to properly adjust the loss, failure to reasonably estimate the damages, and failure to timely pay insurance proceeds. ECF No. 1. The parties did not resolve their dispute during the Hurricane Ida Streamlined Settlement Program, and the case was returned to the docket. ECF No. 53.

The Court issued a Scheduling Order setting a May 11, 2026, trial date, with a deadline of September 26, 2025, for amending pleadings. ECF No. 57. Defendant timely filed a motion for leave to file an Amended Answer. ECF No. 63.

1

## II.  APPLICABLE LAW AND ANALYSIS

When a party seeks leave to amend before expiration of the deadline for amendments, the analysis is governed by Rule 15 rather than the more stringent standard of Rule 16.[1] The Rule 15(a) inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present his claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[2] Although leave to amend is not automatic,[3] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[4]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[5] Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b) motion.[6] The court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, but the court should not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"[7]

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause and with the judge's consent will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).

[2] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (citation omitted).

[3] *Avatar Expl., Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).

[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000); and citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[5] *Gregory*, 634 F.2d at 203 (quoting *Foman*, 371 U.S. at 18); *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

[6] *Marucci Sports,* 751 F.3d at 378 (quoting *Stripling*, 234 F.3d at 873).

[7] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955) ("[The] obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations and internal quotation marks omitted)).

Defendant's amended answer makes technical changes and elaborates of its policy defenses by outlining four affirmative defenses based on policy provisions. ECF No. 63-1 at 2; No. 63-2 at 20-21. Plaintiff has not filed a response, and thus, does not establish any undue delay, bad faith, repeated failures to cure, or undue prejudice.

### III. **CONCLUSION**

In the absence of any undue delay, bad faith or dilatory motive, or prejudice, and with no showing of futility, the Court does not have a "substantial reason" to deny the proposed amendment. Accordingly,

IT IS ORDERED that Defendant Independent Specialty Insurance Company's Motion for Leave to File First Amended Answer and Affirmative Defenses (ECF No. 63) is GRANTED.

New Orleans, Louisiana, this __15th__ day of October, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE