UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONICA S. RAMSEY, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-632 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL. | * | SECTION "B" DIV. (2) |

## ORDER AND REASONS

Pending before me is a Motion to Quash filed by Non-Parties Velocity Claims, LLC and Velocity Risk Underwriters, LLC. ECF No. 75. Plaintiffs Monica Ramsey and Roger Dale Ramsey filed an Opposition Memorandum, and movants filed a Reply Memorandum. ECF Nos. 76, 77. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Quash is GRANTED for the reasons stated herein.

## I.     BACKGROUND

Plaintiffs Monica S. Ramsey and Roger Dale Ramsey filed suit against their insurer and its claims processor seeking to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees alleging failure to properly adjust the loss, failure to reasonably estimate the damages, and failure to timely pay insurance proceeds. ECF No. 1. Plaintiffs' claims against Sedgwick Claims Management Services, Inc. have been dismissed and, although Plaintiffs' claims against their insurer were initially stayed, that stay was lifted. ECF Nos. 16, 33, 72.

Non-parties Velocity Claims, LLC and Velocity Risk Underwriters, LLC now move to quash subpoenas duces tecum issued to them on the bases that the subpoenas were not properly

1

served, require compliance beyond the geographical limitations of Rule 45(c), impose undue burden and seek disclosure of privileged or confidential information. ECF No. 75. Velocity Risk Underwriters, LLC is a managing general agent that administers insurance policies, Velocity Claims, LLC provides claims administrative services, and both entities are formed under Delaware law and have their principal places of business in Nashville, Tennessee. ECF No. 75-1 at 1-2; *see also* ECF Nos. 75-3, 75-4.

Movants assert that Plaintiffs served the subpoenas duces tecum on their Louisiana registered agent via Federal Express and seek production of numerous documents at Plaintiffs' counsel's office in New Orleans. ECF No. 75-1 at 2-4; *see also* ECF Nos. 75-5, 75-6. As such, they argue the subpoenas were not properly served because Rule 45 requires personal service, and production cannot be demanded over 500 miles from their offices in Nashville. ECF No. 75-1 at 5-7. In addition, movants argue the subpoenas impose an undue burden and seek documents that are outside of the scope of discovery and are confidential and/or privileged. *Id.* at 7-12.

In Opposition, Plaintiffs argue that movants' motion to quash is procedurally improper and untimely. ECF No. 76. Plaintiffs argue that movants' failure to issue timely objections and/or file a motion to quash precludes them from now seeking relief. ECF No. 76 at 1-2. Alternatively, Plaintiffs ask that they be allowed to re-issue and properly serve the subpoenas. *Id.* at 2.

In Reply, movants argue that that the Motion to Quash was filed on January 29, 2026, which was the compliance date for the subpoenas and within 14 days of Plaintiff's service. ECF No. 77 at 2. Further, they argue the 14-day deadline for objections does not apply to motions to quash, which need only be filed "timely," and had Plaintiffs' filed a motion to enforce subpoena, same would necessarily have been denied because they were facially invalid and served improperly. *Id.* at 2-4. Movants also reiterate their burden and relevance arguments. *Id.* at 4-5.

2

## II. APPLICABLE LAW

### A. Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes the parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Information need not be admissible into evidence to be discoverable. *Id.* Rather, the information merely needs to be proportional and relevant to any claim or defense. *Id.*

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[1] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial; facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[2] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[3] Relevant evidence thus has the tendency to make a fact that is of consequence in determining an action more or less probable than it would be without the evidence.[4]

The relevancy evaluation necessarily begins with an examination of the pending claims and defenses.[5] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[2] *Id.* at 590 n.5 (citation and quotations omitted).
[3] *Id*. at 590 (citations omitted).
[4] FED. R. EVID. 401.
[5] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc*., No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).

discovery."[6] But Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[7] Thus, while relevance in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[8] Indeed, while discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[9] discovery has "ultimate and necessary boundaries."[10] The Court *must* limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[11]

### B. Discovery from Non-Parties Through Subpoenas

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rule of Civil Procedure. "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person . . . ." FED. R. CIV. P. 45(b)(1). The Fifth Circuit requires personal service of a subpoena or subpoena duces tecum.[12] When the

---

[6] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[7] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).
[8] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan, J.).
[9] *Herbert v. Lando*, 441 U.S. 153, 176 (1979) (citations omitted).
[10] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[11] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[12] *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires . . . personal delivery of the subpoena . . . ."); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) (Vance, J.) ("[S]ervice is improper if the person himself is not served with a copy of the subpoena." (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)); *Scottsdale Ins. Co. v. Educ. Mgmt., Inc.*, No. 04-1053, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007) ("A majority of courts in various jurisdictions require personal service of a subpoena and will not allow the alternate forms of service." (citing 9A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE CIV. § 2454 (2d ed. 1995) and cases cited therein)); *see also Accurso v. Cooper Power Sys., Inc.*, No. 06-848, 2008 WL 2510140, at *4–5 (W.D.N.Y. June 19, 2008) (holding that Rule 45's requirement of "delivering" means personal service because "the subpoena extends the Court's jurisdiction over an unwilling non-party and there must be assurance

"named person" being served is an entity rather than a natural person, service must be effected upon the entity's registered agent and not by delivery to the entity's address or mailroom.[13] Proof of service "must be certified by the server." FED. R. CIV. P. 45(b)(4).

Although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[14] "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[15] And Rule 45 provides additional protections to non-parties. Specifically, the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). In that regard, a subpoena must give a prospective deponent reasonable notice, and the court must quash or modify a subpoena when it "fails to allow a reasonable time to comply." FED. R. CIV. P. 45(d)(3)(A)(i). Courts generally hold that "any timeframe less than 14 days is likely unreasonable."[16] Additionally, the subpoena may command production of documents "within 100

---

that this nonparty actual[ly] receives this Court process"); *Fed. Trade Comm'n v. Compagnie de Saint-Gobian-Pont-a-Mousson*, 636 F.2d 1300, 1312–13 (D.C. Cir. 1980) (distinguishing Rule 4 service by mail as effectuating notice from Rule 45 service as compulsion and noting that "compulsory process may be served upon an unwilling witness only in person").

[13] *Reese v. Great W. Cas. Co.*, No. 18-8336, 2019 WL 4930233, at *4 (E.D. La. Oct. 7, 2019) (noting that a corporation must generally be served by personal service on its agent for service of process, and finding service on receptionist insufficient); *see also in re Newbrook Shipping Corp.*, 31 F.4th 889, 897 (4th Cir. 2022) ("The second service method for a corporation also expressly permits "delivering" the complaint to certain officers or agents: "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." So to satisfy Rule 45's mandate of "delivering a copy to the named person" when the "person" is a corporation, there must be delivery to an appropriate agent, as identified by Rule 4(h)." (quoting FED. R. CIV. P. 4(h)(1)(B))).

[14] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), *aff'd,* 209 F.3d 719 (5th Cir. 2000).

[15] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing FED. R. CIV. P. 45(d)(3); 26(c)(1)(D)), *aff'd*, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).

[16] *Bergeron v. Great West Cas. Co.*, No. 14-13, 2015 WL 5307685, at *3 (E.D. La. Sept. 9, 2015) (citing *Hall v. Louisiana*, No. 12–657, 2014 WL 1652791 (M.D. La. Apr. 23, 2014)); *Hall*, 2014 WL 1652791, at *13 (quashing subpoenas that provided 12 and 9 days' notice); *Thomas v. IEM, Inc.*, No. 06–886, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (stating that subpoenas would be quashed where they only allowed 9 business days to respond and produce documents).

miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A).

A non-party has three means of challenging a subpoena duces tecum: (1) serving written objections, (2) filing a motion to quash or modify the subpoena, or (3) seeking a protective order. The non-party must send written objections to the issuing party within 14 days of service or before the return date, whichever is earlier. FED. R. CIV. P. 45(d)(2)(B). If the non-party timely provides written objections, it has satisfied its obligation and need not take any further action. The serving party may then file a Motion to Compel seeking compliance. FED. R. CIV. P. 45(d)(2)(B)(i).

The non-party may alternatively file a motion to quash or modify or seek a protective order. *Id.* at 45(d)(3); FED. R. CIV. P. 26(c). The person filing the motion to quash or modify has the burden of proof to demonstrate that compliance would impose undue burden or expense.[17] To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[18] "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation."[19] The court may also consider the expense and inconvenience to the non-party.[20] Generally, modification of a subpoena is preferable to quashing it outright.[21]

---

[17] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (finding party resisting discovery must show why each discovery request is not relevant or otherwise objectionable).
[18] *Wiwa*, 392 F.3d at 818 (citations omitted).
[19] *Id.* (internal quotations and citation omitted).
[20] *Id.* (citation omitted).
[21] *Id*; *Tiberi v. CIGNA, Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *see also Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("[M]odification of a subpoena is generally preferred to outright quashing . . . .").

Under Rule 26: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). A protective order may forbid discovery or specify terms for discovery. *Id.* at 26(c)(1)(A), (B). Rule 26's requirement of "good cause" to support a protective order places the burden upon the movant to show the necessity of its issuance, which contemplates a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[22]

### III. <u>ANALYSIS</u>

Plaintiffs cite to an earlier set of subpoenas issued in September 2025 in arguing that movants' motion to quash is untimely. *See* ECF Nos. 75-5, 75-6 (showing September 2025 issuance and delivery). Movants, however, cite to re-issued subpoenas issued in January 2026. *See* ECF No. 76-3 at 15, 20 (showing January 2026 issuance and delivery). Although not made clear, it appears that Plaintiffs initially issued subpoenas in September 2025, but then re-issued them in January 2026 "because there was a service issue of the subpoena to counsel in the case." ECF No. 76-3 at 9, 18, 20. And the process verbal cited by Plaintiffs related to the January 2026 subpoenas, not the September 2025 subpoenas, and they also noted that a service defect with regard to the September 2025 subpoenas. *Id.* at 4-6.

Setting aside the inapplicability of Rule 45's 14-day deadline to a motion to quash, movants' motion cannot be considered untimely given that Plaintiffs concede defects as to the September 2025 subpoenas and the January 15, 2026, subpoena appears to have been delivered via Federal Express on January 16, 2026, for a required production on January 29, 2026, and movants filed their motion to quash on January 29, 2026. Accordingly, movants' motion to quash cannot be characterized as untimely. Moreover, Plaintiffs' failure to personally deliver the

---

[22] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

subpoenas to movants' agents for service or process renders service defective under Fifth Circuit precedent. Further, the subpoenas required production in less than 14 days after service, and required production beyond 100 miles of movants' principal offices. For all of these reasons, the January 2026 subpoenas must be quashed.

Having quashed the subpoenas, it is not necessary to address the burden and scope issues. Counsel are reminded, however, that cumulative or duplicative discovery is not allowed nor will overly broad discovery seeking "each and every" or "all" generally described documents survive a challenge. In addition, protective orders are regularly employed to protect confidential or commercial information, blanket assertions of privilege are improper, and any invocation of privilege requires delivery of a privilege log. Should Plaintiffs elect to re-issue and properly serve the subpoenas to require production within the appropriate geographical limitations, counsel are advised to consider these issues to avoid unnecessary further motion practice.

## IV.   **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Velocity Claims, LLC and Velocity Risk Underwriters, LLC's Motion to Quash (ECF No. 75) is GRANTED.

New Orleans, Louisiana, this __20th__ day of February, 2026.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE