UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONICA S. RAMSEY, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-632 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL. | * | SECTION "B" (2) |

**ORDER AND REASONS**

Pending before is the Motion to Intervene filed by Plaintiffs Monica and Roger Ramsey's former counsel Robinson Law Offices, LLC and Laporte Law Office, LLC.  ECF No. 117.  This motion was scheduled for submission on April 29, 2026.  As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, April 21, 2025.  See E.D. La. L.R. 7.5.  No one requested oral argument under Local Rule 78.1, and the Court agrees that argument is unnecessary.

Having considered the record, the submissions, and the applicable law, the Motion is DENIED for the reasons stated herein.

I.    **BACKGROUND**

Invoking diversity jurisdiction, Plaintiffs Monica and Dale Ramsey filed suit against their insurer Independent Specialty Insurance Company ("ISIC") and its third-party claims administrator Sedgwick Claims Management Services, Inc. seeking to recover contractual and extra-contractual damages relating to Hurricane Ida damages.  ECF No. 1 ¶ 2.  Judge Lemelle granted Sedgwick's motion to dismiss on January 7, 2026.  ECF No. 72.  On March 23, 2026, Judge Lemelle entered a conditional dismissal order after being advised that Plaintiffs and ISIC had resolved the remaining dispute between them.  ECF No. 114.

1

On April 13, 2026, LaPorte Law Office, LLC and Robinson Law Offices, LLC filed this motion to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure.  ECF No. 117.  Movants assert that Plaintiffs entered into a contingency fee agreement with them, and after providing services for 20 months and expending costs, Plaintiffs terminated the attorney-client relationship.  ECF No. 117-1 ¶¶ II-IV.  Although the amount of settlement is not indicated, Movant Robinson Law Offices appears to have incurred costs of $1,276.54.  ECF No. 117-5 at 5.

## II.    <u>APPLICABLE LAW AND ANALYSIS</u>

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1]  Moreover, federal courts are obliged to thoroughly examine their own jurisdiction, *sua sponte* if necessary.[2]

Courts regularly address post-settlement motions to intervene of right, although such motions are disfavored.[3]  When the proposed intervenor is a former attorney seeking to intervene in a concluded matter to recover attorneys' fees, the movant is properly aligned as a plaintiff.[4]  Generally, supplemental jurisdiction under 28 U.S.C. § 1367(a) allows the exercise of jurisdiction over related claims by intervenors.[5]  However, § 1367(b) explicitly limits the exercise of jurisdiction over non-diverse parties intervening as plaintiffs in certain situations:

> In any civil action of which the district courts have original jurisdiction founded *solely on section 1332* of this title, the district courts shall *not* have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or *24* of the Federal Rules of Civil Procedure, or over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 of such rules,

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[2] *Villareal v. Smith*, 201 F. App'x 192, 193 (5th Cir. 2006) (citing *United States v. Hays*, 515 U.S. 737 (1995); *Marshalls v. Gibson's Prods., Inc.*, 584 F.2d 667, 672 (5th Cir. 1978)); *see also Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871, F.3d 380, 384 n.4 (5th Cir. 2017) ("[C]ourt[s] [are] duty-bound to examine [their] subject-matter jurisdiction sua sponte." (citations omitted)) (alterations in original).

[3] *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 864 (5th Cir. 2019) (citing cases).

[4] *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (per curiam).

[5] *Chambers Med. Found. v. Chambers*, 236 F.R.D. 299, 302 (W.D. La. 2006) (citing 28 U.S.C. § 1367(a) ("Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.")), *aff'd sub nom.*, *Chambers Med. Found. v. Petrie*, 221 F. App'x 349 (5th Cir. 2007).

when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.[6]

Thus, a party seeking to intervene as plaintiff, such as Movants in this case, must meet both of § 1332(a)'s requirements for diversity of citizenship and amount in controversy.[7]

The original case underlying this intervention was premised solely on diversity jurisdiction. ECF No. 1 ¶ 2.[8] Because Plaintiffs alleged they are domiciled in Louisiana, Plaintiffs are Louisiana citizens. *Id.* (introduction).[9] Movants fail to identify their citizenship or otherwise establish that diversity jurisdiction exists over their claims in their Complaint in Intervention. ECF No. 117-2. For purposes of determining whether complete diversity exists in this proposed intervention involving two limited liability companies, the citizenship of each is determined by the citizenship of their members.[10] Thus, to properly allege diversity jurisdiction over the proposed intervention, Movants "must specifically allege the citizenship of every member of every LLC."[11] This may

---

[6] *See also Griffin*, 621 F.3d at 386-87 ("Congress . . . apparently chose to circumscribe . . . jurisdiction in § 1367(b) with respect to plaintiff intervenors. . . . [T]he Supreme Court has held that '§ 1367 is not ambiguous.'" (quoting *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 567 (2005); and citing *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 581 (5th Cir. 2004)); *Chambers*, 236 F.R.D. at 302 (distinguishing between intervening plaintiffs and intervening defendants).

[7] *See Samuels v. Twin City*, 602 F. App'x 209, 211 (5th Cir. 2015); *Vogt v. Wendy's Company*, No. 23-1091, 2025 WL 445340, *2-3 (E.D. La. Feb. 10, 2025) (Vance, J.) (dismissing former attorneys' claim for fees raised through intervention for lack of jurisdiction); *Causey v. State Farm*, No. 16-9660, 2018 WL 2980066, at *2-3 (E.D. La. June 14, 2018) (Africk, J.) (remanding complaint intervention asserted in removed case based on lack of subject matter jurisdiction).

[8] Section 1332 requires there be complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000. *Lincoln Prop. Co. v. Roche*, 546, U.S. 81, 89 (2005).

[9] *See McLaurin v. ABC Ins. Co.*, No. 24-2302, 2024 WL 4948692, at *2-3 (E.D. La. Dec. 3, 2024) (Vance, J.)

[10] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (noting "oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members." (citation modified)); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (asserting limited liability partnership's citizenship determined by that of its partners, including limited partners).

[11] *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (finding failure to allege diversity when each member's citizenship of the many LLC and partnership-litigants not alleged); *see also Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (complaint must specifically allege each party's citizenship.); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (holding federal jurisdiction must be distinctly and affirmatively alleged by citizenship of the parties).

3

require tracing citizenship through various organizational layers to reach a natural or corporate member.[12]

Supplemental jurisdiction does not apply when an intervening plaintiff cannot satisfy the diverse citizenship and amount in controversy requirements because the exercise of jurisdiction in that instance would be inconsistent with § 1332's requirement for complete diversity.[13]  Absent distinct and affirmative allegations of their own citizenship, it is impossible for the Court to determine whether the diversity exists.[14]  That deficiency, coupled with § 1367(b)'s limitation on supplemental jurisdiction when inconsistent with § 1332, demonstrates that Movants have failed to establish subject matter jurisdiction over the proposed intervention.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Movants Robinson Law Offices, LLC and Laporte Law Office, LLC's  Motion to Intervene is DENIED.

New Orleans, Louisiana, this 29th April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[12] *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009).

[13] § 1367(b); *White v. New Orleans & Gulf Coast Ry. Co.*, No. 19-10389, 2021 WL 5387665, at *1 (E.D. La. Nov. 18, 2021) (Barbier, J.).

[14] *See Tolliver v. U-Haul Co. of Tex.*, No. 09-313, 2017 WL 9565856, at *2 (W.D. La. June 8, 2017) (dismissing intervenor-plaintiff's motion for leave to file an amended complaint because it failed to properly allege the citizenship of itself and the defendant), *R.&R. adopted*, 2018 WL 3040754 (W.D. La. June 19, 2018).  "It has long been the case in this circuit that when jurisdiction is based on diversity, courts must strictly adhere to the rule that citizenship of the parties be "distinctly and affirmatively alleged."  *Id.* at *2 (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)).